IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                          Case Nos.:      4:13cr52/RH/CAS
                                            4:15cv322/RH/CAS

BEEJAY DUDLEY,
        Defendant.

---

## Order, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate,
Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No.
98).   The Government has filed a response (ECF No. 146) and Defendant
filed a reply.   (ECF No. 150).   Defendant also filed two motions to amend
his pending § 2255 motion, which were more akin to notices of
supplemental authority, containing argument.   (ECF Nos. 108, 111).   One
was granted (ECF No. 109), and the second, which remains pending, will
be granted.   The case was referred to the undersigned for the issuance of
all preliminary orders and any recommendations to the district court
regarding dispositive matters.   See N.D. Fla. Loc. R. 72.2; see also 28
U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a careful review of the
record and the arguments presented, it is the opinion of the undersigned

that Defendant has not raised any issue requiring an evidentiary hearing

and that the § 2255 motion should be denied.    *See* Rules Governing

Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant Beejay Dudley pleaded guilty to conspiracy to distribute

500 grams or more of cocaine (Count One) and possession of a firearm in

furtherance of a drug trafficking crime (Count Three).   (ECF Nos. 53-55).

Count Two, which had charged possession of a firearm and ammunition by

a convicted felon, was dismissed by the Government.

A Presentence Investigation Report ("PSR") was prepared for

sentencing.   The final version of the PSR reflects that Defendant had a

base offense level of 32 as a result of the quantity of cocaine involved in

the conspiracy.   (ECF No. 63, PSR ¶ 48).   However, because Defendant

had two prior felony convictions, he was classified as a career offender

pursuant to U.S.S.G. § 4B1.1, with an offense level of 37.   His total offense

level after an adjustment for acceptance of responsibility was 34.   (ECF

No. 63, PSR ¶¶ 54-57).   Defendant's criminal history category would have

been III, but it became VI due to the application of the career offender

adjustment.   (ECF No. 63, PSR ¶¶ 66-67).   The applicable guideline

imprisonment range was 262 to 327 months as to Count One, and 60

months consecutive as to Count Three.   (ECF No. 63, PSR ¶).   Absent

the application of the career offender enhancement, which Defendant

challenges in the instant motion, with a total offense level of 29 and a

criminal history category of III, the applicable guideline range as to Count

One would have been 108 to 135 months.

Defendant appealed, and his appointed counsel filed a brief pursuant

to *Anders v. California*, 386 U.S. 738 (1967).   (ECF No. 95)   The Eleventh

Circuit's independent review of the entire record revealed no arguable

issues of merit, it granted the motion to withdraw and affirmed Defendant's

convictions and sentences.   (*Id.*)

Defendant timely filed the instant § 2255 motion in which he claims

that counsel was constitutionally ineffective for his failure to object to the

application of the career offender enhancement and that he is entitled to

resentencing.   The Government opposes the motion.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to § 2255 are

Case Nos.: 4:13cr52/RH/CAS; 4:15cv322/RH/CAS

extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two

prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   Counsel is not constitutionally deficient, however, for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.*

*United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in

a § 2255 motion] are . . . based upon unsupported generalizations")

(internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208,

1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.

Finally, disputes involving purely legal issues can be resolved by the court

without a hearing.

<u>Defendant's claim</u>

Defendant's lone claim for relief is that counsel was constitutionally

ineffective for failing to object to the application of the career offender

enhancement.

Defendant's career offender enhancement was premised upon a

2004 conviction for Sale of Cocaine in Leon County, Florida, case

2004CF990B, and an April 16, 2007, conviction of Felony Feeling or

Attempting to Elude and Officer and Possession of Cocaine with Intent to

Sell/Deliver in Leon County, Florida, case 2006CF1140.   (ECF No. 63,

PSR ¶¶ 54, 62, 64).   The PSR reflects that, as to the 2004 conviction,

Defendant was adjudicated guilty and sentenced to 180 days county jail

with credit for 62 days served.   (ECF No. 63, PSR ¶ 14).   He contests the

use of this conviction as a career offender predicate, claiming that due to the length of his sentence, the conviction should not be counted.

In order to qualify as a career offender pursuant to U.S.S.G. § 4B1.1, a defendant must be at least eighteen years old at the time he committed the offense of conviction, the offense of conviction must be a felony that is either a crime of violence or a controlled substance offense; and defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). The commentary further explains that a prior felony conviction signifies a "prior adult felony or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSC § 4B1.2 comment. (n.1). Therefore, the sentence Defendant

actually received for his 2004 conviction for the sale of cocaine is irrelevant.
Rather it is the maximum sentence he could have received which controls.
*See Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that
Guidelines commentary is authoritative)

Defendant's 2004 conviction fell under section 893.13(1)(a), Florida
Statutes[1] which provides that a person may not "sell, manufacture, or
deliver, or possess with intent to sell, manufacture, or deliver, a controlled
substance." Fla. Stat. 893.13(1)(a). If the controlled substance is
cocaine, a conviction under this section is a second degree felony
punishable by up to fifteen years imprisonment. *See* Fla. Stat.
§§ 893.01(a), 893.13(1)(a)1; Fla. Stat. § 775.082(3)(d). Therefore,
regardless of the punishment he actually received, Defendant's 2004
conviction under § 893.13(1)(a)1 was "punishable" by a term of
imprisonment exceeding one year, and thus a proper predicate for the
application of the career offender enhancement. Additionally, the court
notes that the Eleventh Circuit has expressly held that convictions under
section 893.13(1) are "controlled substance offenses." *United States v.*

---

[1] The statutory provision pertaining to Defendant's conviction is not otherwise identified
in the record (i.e. the PSR), but Defendant does not dispute this assertion.

Case Nos.: 4:13cr52/RH/CAS; 4:15cv322/RH/CAS

*Smith*, 775 F.3d 1262, 1267-1268 (11th Cir. 2014). Counsel was not constitutionally ineffective for his failure to object to the application of the career offender enhancement.

Despite the clear language of the guideline and commentary, Defendant attempts to bring in other sections of the guideline in support of his position, to no avail. First, he relies on 4B1.2 comment. (n.3) which states that "the provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1." Section 4A1.2(e) provides, in turn, that "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e). This section is captioned "Applicable Time Period," and governs the age of the convictions which may be considered by the sentencing court. The cases cited by Defendant do not provide authority for a conclusion that § 4A1.2(e) is meant to override the plain language of § 4B1.2. For instance, in *United States v. Robertson*, 260 F.3d 500, 509

(6th Cir. 2001), the court held that to be countable as a career offender predicate, the prior conviction or some portion of defendant's incarceration thereon must have occurred within fifteen years of the commencement of the instant offense. *See also United States v. Munoz-Garcia*, 533 F. App'x 364 (5th Cir. 2013).

Defendant's first motion to amend or supplement cites *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). These cases have no bearing upon Defendant's challenge to the application of the career offender guideline to his case. His second motion to amend or supplement cites a case from the Fifth Circuit, which addressed whether a particular Texas drug conviction was a controlled substance offense under the guidelines. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). This case neither overrules binding Eleventh Circuit precedent, nor affects this court's analysis of guideline and commentary as applied to Defendant's conviction under the Florida statute as set forth above.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that the claim raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 4:13cr52/RH/CAS; 4:15cv322/RH/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

Defendant's "Motion for Leave to Amend Original § 2255 Petition under Rule 15" (ECF No. 111), construed as a motion to supplement, is **GRANTED** to the extent the court has taken into consideration the argument raised therein in ruling on Defendant's § 2255 motion.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (ECF No. 109) be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 27th day of April, 2017.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:13cr52/RH/CAS; 4:15cv322/RH/CAS

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**