IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:13cr52-RH/CAS
    4:15cv322-RH/CAS

BEEJAY DUDLEY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant Beejay Dudley has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 112, and the objections, ECF No. 113. I have reviewed de novo the issues raised by the objections.

Mr. Dudley pleaded guilty to a drug conspiracy offense and to possessing a firearm in furtherance of the offense. Because he was a career offender, the guideline range on the drug offense was 262 to 327 months. The governing statute, 18 U.S.C. § 924(c), required a consecutive sentence of at least 60 months for the firearm offense. I imposed a below-guideline sentence of 202 months on the drug offense and a consecutive 60-month sentence on the firearm offense for a total of

262 months. The Statement of Reasons summarized the reasons for the sentence: "Based on all factors listed in 18 U.S.C. § 3553(a), including the advisory guideline range, this is the appropriate sentence. The sentence is 'sufficient,' a lower sentence would not be 'sufficient,' and a greater sentence is not 'necessary' to comply with the statutorily-defined purposes of sentencing. 18 U.S.C. § 3553(a)." ECF No. 71 at 5.

Mr. Dudley appealed. The United States Court of Appeals for the Eleventh Circuit affirmed.

Mr. Dudley asserts his attorney rendered ineffective assistance by failing to object to the quantity of cocaine attributed to Mr. Dudley for guideline purposes. Had Mr. Dudley not been a career offender, the quantity of cocaine would have affected the guideline range. But Mr. Dudley *was* a career offender, so the quantity of cocaine did *not* affect the guideline range. Even more clearly, the quantity of cocaine attributed to Mr. Dudley for guideline purposes did not affect my application of the § 3553(a) factors. The attorney did not render ineffective assistance on this issue, and the attorney's handling of this issue made no difference. Mr. Dudley is not entitled to relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a defendant is entitled to relief based on ineffective assistance only on a showing of both deficient performance and prejudice to the defense).

Mr. Dudley also asserts he was not a career offender as that term is defined in the United States Sentencing Guidelines Manual. As set out in the report and recommendation, he is incorrect. He was convicted in Florida state court within the covered time period of two cocaine offenses—one for sale and the other for possessing with intent to sell. *See* Presentence Report, ECF No. 63, at ¶¶ 62, 64. Each of those convictions is a qualifying career-offender predicate. Mr. Dudley is not entitled to relief on this claim.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Dudley has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on May 22, 2017.

s/Robert L. Hinkle<br>United States District Judge